# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JERRY BLOOM,<br>    Plaintiff,<br><br>v.<br><br>MARK LAURETTI, et al.,<br>    Defendants. | No. 3:17-cv-1367 (SRU) |

## ORDER ON MOTION TO DISMISS COUNT II

Jerry Bloom ("Bloom"), a resident of Shelton, Connecticut, brought a two-count action against Shelton Mayor Mark Lauretti ("Lauretti") for illegally endorsing and promoting religion and Shelton Police Chief Shawn Sequiro ("Sequiro") for illegally endorsing and promoting religion and failure to enforce federal immigration law. Sequiro has moved to dismiss Count Two of the complaint, on the grounds that Bloom lacks standing to bring that claim. For the following reasons, I grant in part and deny in part Sequiro's motion (Doc. #18).

**I.**     **Background**

Bloom commenced this action by filing a two-count pro se complaint on August 11, 2017. Compl., Doc. # 1. In Count One, he is suing Lauretti for "illegally endorsing/promoting religion" by refusing to remove a sign with the message "God Bless Shelton Police" from outside the Police Station. *Id*. at 3. In Count Two, he is suing Sequiro on two grounds: (1) illegally endorsing/promoting religion because he is "aware of the illegal sign;" and (2) failure to enforce federal immigration law. *Id.*

In support of his claim that Sequiro failed to enforce federal immigration law, Bloom alleges the following. On June 2, 2017 he saw six "young [L]atino men" working in Shelton and tried speaking with them, but there was a language barrier. *Id.*. Upon hearing one of the men

say "boss not here," Bloom reported the crew to Immigration and Customs Enforcement ("ICE") and Shelton Police. *Id.* He believed the men to be illegal aliens and "from what [he] had seen and heard, a reasonable man could suspect that a crime was being committed." *Id.* at 3-4. Shelton Police refused to investigate and Bloom set up a meeting with Sequiro to discuss the issue, but Sequiro did not show up for the meeting. *Id.* at 4. In his request for relief, Bloom demands that Sequiro and the Shelton Police comply with federal immigration laws and policies. *Id.*

Sequiro moved, on December 27, 2017, to dismiss the entirety of Count Two, arguing that Bloom lacks sufficient standing to bring the claim. Mot. to Dismiss, Doc. # 18. He argues only, though, that Bloom lacks standing to bring a claim that Sequiro has failed to enforce federal immigration policies. Sequiro does not take issue with Bloom's standing to bring a claim regarding the sign outside of the Police Department against Lauretti (Count One) or Sequiro (Count Two). Accordingly, both First Amendment claims may proceed.

In his motion to dismiss the immigration portion of Count Two, Sequiro argues that Bloom has failed to sufficiently allege a "concrete or particular injury" that he has faced because of Sequiro's alleged failure to enforce immigration policies and failure to meet with Bloom. Mem. Supp. Sequiro's Mot. Dismiss, Doc. # 19, at 3. Additionally, Sequiro argues that "the alleged failure of enforcement of federal immigration law is not [causally] connected to [Sequiro's] failure to meet with [Bloom]." *Id.* at 4. In response, Bloom argues that he has suffered actual injury to his "patriotism as an American and a veteran" because of Sequiro's alleged refusal to enforce immigration laws.

2

## II. Standard of Review

Standing relates to the subject matter jurisdiction of the court, and a motion to dismiss for lack of standing is therefore properly brought under Rule 12(b)(1). *Connecticut v. Physicians Health Svcs. Of Conn., Inc.*, 287 F.3d 110, 114 (2d Cir. 2002). The Second Circuit has stated that the district court should consider a challenge to subject matter jurisdiction before addressing other grounds for dismissal. *See Rhulen Agency, Inc. v. Alabama Ins. Guaranty Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

In order to establish standing, a plaintiff must satisfy three elements:

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical. . . . Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly … trace[able] to the challenged action of the defendant, and not … the[e] result [of] the independent action of some third party not before the court. . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted) (footnote omitted) (internal quotation marks omitted). The first element, requiring a showing that the plaintiff suffered an "injury in fact" requires more than just "an injury to a cognizable interest." *Id.* at 563. The injury in fact element "requires that the party seeking review be himself among the injured." *Id.* It is not enough for a plaintiff to assert a general grievance about the government, in which his only claimed injury is "to his and every citizen's interest in proper application" of the law. *Id.* at 573-74. A plaintiff lacks standing where the relief sought "no more directly and tangibly benefits him than it does the public at large." *Id.* at 574.

## III. Discussion

Here, the "legally protected interest" Bloom alleges is his perceived right as an American citizen to have immigration laws be enforced by the police. He alleges that the improper

3

application of immigration law by Sequiro, or, rather, the *non-application,* invades upon his perceived right. That alleged injury, however, is precisely the type that is insufficient to confer standing upon a plaintiff. *Lujan*, 504 U.S. 573-74. He does not have standing to sue merely because he is a citizen; standing requires something more than that, which he has not sufficiently alleged. Accordingly, Bloom lacks the requisite standing necessary to bring a claim against Sequiro for allegedly failing to enforce immigration laws.

Additionally, even if Bloom did have standing to bring the immigration claim, the claim itself is deficient. In his complaint, a plaintiff is required to set forth a "short and plain statement of the claim" in order to show that he is entitled to relief. Fed. R. Civ. P. 8(a)(2). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff must allege sufficient facts to "state a claim that is plausible on its face" and allege that he has a "right to relief above the speculative level." *Id*. Here, Bloom cannot meet this standard for his claim that Sequiro has failed to enforce federal immigration law. As support for his contention, Bloom relies on nothing more than two speculative assumptions: (1) that the men he spoke to were undocumented immigrants; and (2) that, even if they were, their presence necessarily meant that Sequiro was failing to enforce immigration law. Neither of those two assumptions is supported by any factual allegations, and, accordingly, the claim is insufficient.

**IV. Conclusion**

For the reasons set forth above, I **GRANT** Sequiro's Motion to Dismiss Count Two of the Complaint as it relates to the immigration claim (doc. # 18) and **DENY** Sequiro's Motion to

4

Dismiss Count Two to the extent he seeks to dismiss the claim against Sequiro for promoting religion.

So ordered.

Dated at Bridgeport, Connecticut, this 8th day of February 2018.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge